

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2002

# USA v. Fritz

Precedential or Non-Precedential:

Docket 0-4120

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Fritz" (2002). *2002 Decisions.* Paper 46.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/46

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 00-4120


UNITED STATES OF AMERICA

v.

ROBERT L. FRITZ,

Appellant


Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 99-cr-00042)
District Judge: Honorable Malcolm Muir


Argued November 26, 2001

Before: ROTH, FUENTES and WEIS, Circuit Judges

(Memorandum Opinion filed: January 28, 2002)

Stephen F. Becker, Esquire (Argued)
Shapiro & Becker
114 Market Street
Lewisburg, PA   17837

    Attorney for Appellant


David M. Barasch
   United States Attorney
   Middle District of Pennsylvania
John J. McCann, (Argued)
   Assistant United States Attorney
Herman T. Schneebeli Federal Building
240 West Third Street, Suite 316
Williamsport, PA   17701- 6465

    Attorneys for Appellee

MEMORANDUM OPINION

ROTH, Circuit Judge:

Defendant Robert L. Fritz appeals from a judgment of sentence in the United States District Court for the Middle District of Pennsylvania. After entering a plea of not guilty on three criminal counts, Fritz was found guilty of two counts, including conspiracy to distribute and possess with intent to distribute heroin, cocaine, or cocaine base (crack), see 21 U.S.C. 846, and distribution of cocaine base (crack) resulting in the death of an individual. See 21 U.S.C. 841 (a)(1). Fritz was found not guilty of a third count of distribution of heroin resulting in the death of an individual. See 21 U.S.C. 841 (a)(1). On November 14, 2000, Fritz was sentenced to thirty years imprisonment and supervised release of ten years.

On appeal, Fritz first contends that his conviction should be reversed because of prejudice suffered due to the District Court's joinder and subsequent refusal to sever the conspiracy count and the two distribution counts. See Fed. R. Crim. P. 8(a) & 14. We agree with the District Court's rejection of these contentions. The evidence admissible for the conspiracy count was also admissible for the distribution counts. In circumstances such as these, where three offenses share the same "transactional nexus," the indictment counts are properly joined. United States v. Eufrasio, 935 F. 2d 553, 570 n.20 (3d. Cir.), cert. denied, 502 U.S. 925 (1991). We find that the District Court did not abuse its discretion in its decision not to sever the charges of the indictment. The evidence was admissible against Fritz in the conspiracy count and the two distribution counts, and there is not substantial evidence to warrant a finding of prejudice.

Fritz also alleges that the conviction on the conspiracy to distribute charge should be reversed. Fritz claims a variance between the indictment of a single conspiracy and the proof offered at trial, which, according to Fritz, was indicative of multiple conspiracies. Fritz also claims that the District Court erred in denying his motion for judgment of acquittal based on insufficiency of the evidence, and that the jury's verdict on this count was against the weight of evidence. These allegations fail. Although

evidence in support of a single conspiracy, as opposed to multiple conspiracies, is not overwhelming, our review of the record in a light most favorable to the government does reveal sufficient evidence for a reasonable jury to find the existence of a single conspiracy. The District Court properly deferred to the jury's verdict in denying the motion for judgment of acquittal. Furthermore, the jury's verdict was not against the weight of the evidence.

Fritz makes similar variance and evidentiary arguments with respect to the charge of distribution of cocaine base (crack) resulting in the death of an individual and, additionally, alleges an impermissible broadening of the indictment through the District Court's jury charge. For the same reasons that Fritz's arguments fail with respect to the conspiracy charge, they also fail with respect to the distribution charge. There was sufficient evidence for a jury to properly find Fritz guilty of the distribution charge, the verdict was not against the weight of the evidence, and the District Court's jury charge was consistent with the indictment.

Fritz next contends that the District Court improperly denied his request to instruct the jury that evidence of multiple buyer-seller relationships, standing alone, is insufficient to support a conspiracy conviction. Fritz also claims that the trial court erred in refusing to give the requested jury instruction since the buyer-seller instruction was a part of his defense. After reviewing the jury charge, we find Fritz's claims without merit. There was sufficient evidence to establish that Fritz's acts involved multiple drug transactions as opposed to single isolated sales associated with a buyer-seller relationship. We agree with the District Court that the evidence did not support a buyer-seller charge to the jury.

Finally, Fritz makes several arguments regarding his sentence. First Fritz contends that the District Court erred in calculating the amount of crack cocaine attributable to Fritz. Second, Fritz claims that the court erred in applying a three-level upward sentencing adjustment pursuant to U.S.S.G. 3B1.1(b) for acting in a supervisory capacity. Third, Fritz claims that the District Court's two level upward sentencing adjustment pursuant to U.S.S.G. 3B1.4 for using a minor in the commission of a crime

was improper.  Fritz's fourth claim is that the District Court should not have increased his maximum sentence from twenty to thirty years due to a prior conviction, when that conviction was not proven beyond a reasonable doubt to the jury.  Finally, Fritz alleges that the District Court erred by utilizing a preponderance of the evidence standard in evaluating the factors of type and quantity of drugs, where those factors should have been submitted to the jury and proven under a reasonable doubt standard.

When reviewing sentencing decisions, this Court exercises plenary review over legal questions about the meaning of the sentencing guidelines, but applies the clearly erroneous standard to factual determinations underlying their factual application.  United States v. Price, 13 F.3d 711, 732 (3d Cir. 1994), cert. denied, 514 U.S. 1023 (1995).  Fritz has not demonstrated clear error on the part of the District Court in the application of the sentencing guidelines.  We find that the District Court properly applied the guidelines with respect to the calculation of amounts of crack cocaine and with respect to both upward sentencing adjustments.  With regard to the increase in Fritz's sentence from twenty to thirty years, Fritz was given proper notice of the use of his prior conviction in consideration of his sentence pursuant to 21 U.S.C.  851(a), and was properly sentenced to thirty years' imprisonment pursuant to 21 U.S.C.  841 (a).  Finally, we find that the District Court properly sentenced Fritz based on a preponderance of the evidence standard.

For the foregoing reasons, the judgment of the District Court will be affirmed.


TO THE CLERK:

Please file the foregoing Memorandum Opinion.



By the Court,



/s/Jane R. Roth
Circuit Judge